1  **Woodrow Edgar Nichols, Jr. #142932**        **11:10045**
              **Attorney at Law**
2           **2141 Tuolumne, Ste "O"**
              **Fresno, CA 93721**
3             **(559) 228-3125**

4

5  Attorney for: JESUS LOPEZ

6

                    **UNITED STATES COURT OF APPEALS**
7                      **FOR THE NINTH CIRCUIT**

8
   UNITED STATES OF AMERICA,     )  Case No. 11-10045
9                                )
                                 )
10      Plaintiff-Appelle,       )  D.C. No. 1:09-cr-00299-LJO-4
                                 )
11            vs.                )  U.S. District Court for Eastern
                                 )  California, Fresno
12  JESUS LOPEZ,                 )
                                 )  **MOTION TO WITHDRAW AS ATTORNEY OF**
13      Defendant-Appellant.     )  **RECORD**
                                 )
14

15      TO THE HONORABLE JUSTICES OF THE ABOVE-ENTITLED COURT:

16      On February 2, 2011, this court issued an order concerning

17  Appellant JESUS LOPEZ's pro se appeal, ordering counsel to file a

18  motion to withdraw as counsel within 21 days if counsel wished to

19  withdraw, accompanied by a statement of reasons and proof of

20  service on Appellant.

21      The court was under the impression that counsel had been court

22  appointed and issued a new order that counsel make a new motion to

23  withdraw as counsel accompanied by a declaration of Appellant

24  desiring to abandon his appeal.  Appellant, through counsel, filed

25  a Notice of Abandonment of Appeal with a signed declaration of

26  Appellant with this Court on February 18, 2011, stating his wish,

27  after being fully advised by counsel, to do so.  Therefore, counsel

28  respectfully request this court grant his motion to withdraw as

1  counsel of record.  The reasons counsel makes this renewed motion

2  to withdraw as counsel are as follows:

3       1.  Defendant JESUS LOPEZ entered into a signed plea agreement

4  with the government and his appointed counsel, Ms. Barbara O'Neill,

5  on July 9, 2010, specifying that he would not appeal his sentence

6  and that he would not file any habeas petition.  Section 3(f) of

7  the Memorandum and Plea Agreement pursuant to Rule 11(c)(1)(B) of

8  the Federal Rules of Criminal Procedure, states:

9           "The defendant understands that the law gives him a
          right to appeal his conviction and sentence.  The
10          defendant waives any right to appeal his conviction and
          sentence and any right he may have to bring any other
11          post-conviction attack on his conviction and sentence.
          He specifically agrees not to file a motion under 28
12          U.S.C. section 2255 or section 2241 attacking his
          conviction and sentence."  (Id.)

13       2.  That counsel was retained by the defendant's family in

14  October 2010, in order to give a second opinion and make a motion

15  to withdraw the plea if good cause was found.  Counsel found none,

16  and explained to Mr. LOPEZ that if the judge downward departed for

17  overstatement of criminal history, he was looking at a sentence of

18  188 months.  The recommended guideline sentence of the Presentence

19  Investigation Report by United States Probation Officer, Summer I.

20  Robinson, was for 262 months.

21       3.  Mr. LOPEZ was scheduled to be sentenced on December 23,

22  2010.  However, at the very start of the hearing, Mr. LOPEZ

23  interrupted the proceedings and told Judge O'Neill that he was

24  guilty as charged and deserved to be punished, but thought that the

25  range of sentencing was too great, believing that he deserved the

26  ten year minimum sentence.  Moreover, he also told the Judge that

27

28                                2

1   Ms. O'Neill had lied to him when she had allegedly told him that he

2   would only get the statutory minimum of ten years if he signed the

3   agreement.  Furthermore, he stated that at the time that he entered

4   his plea before Judge Oliver W. Wanger, Ms. O'Neill allegedly told

5   him to say "yes" to everything asked him and he would get no more

6   than ten years.

7        4.   Judge O'Neill then strongly suggested to retained counsel

8   that it was his duty to make a motion to withdraw the plea and to

9   request an evidentiary hearing since the allegations were serious.

10  Counsel made said motion and a hearing was set for an evidentiary

11  hearing on January 14, 2011.

12       5.   Over the weekend before the hearing, counsel had an

13  interview with Mr. LOPEZ in the Fresno County Jail and explained to

14  him that he was in danger of losing the benefit of the bargain he

15  had under the government's plea agreement, and that he reconsider.

16  Mr. LOPEZ reconsidered and decided he wished to withdraw the motion

17  to withdraw the plea and proceed with sentencing so as not to lose

18  the benefit of his bargain.

19       6.   That, on January 14, 2011, at the time of the hearing on

20  the motion, counsel explained to Judge O'Neill that Mr. LOPEZ did

21  not wish to lose the benefit of the bargain with the government and

22  that he wished to withdraw the motion and proceed with sentencing.

23       7.   That, Judge O'Neill examined Mr. LOPEZ, who admitted that

24  he had lied to the Judge about his accusations against Ms. O'Neill

25  and was sorry for it.  Judge O'Neill then required that Mr. LOPEZ

26  apologize directly to Ms. O'Neill, who was present because of the

27

28                                   3

1  set evidentiary hearing, and Mr. LOPEZ did so, asking for

2  forgiveness.  Ms. O'Neill graciously forgave Mr. LOPEZ.

3       8.  Judge O'Neill did not hold the false accusations about Ms.

4  O'Neill against Mr. LOPEZ, downward departing so that Mr. LOPEZ

5  received 188 months, the benefit of his bargain.

6       9.  That, for some unknown reason, Mr. LOPEZ then chose to

7  file a Notice of Appeal, which was filed in the Eastern District,

8  Fresno Division, on January 26, 2011.

9       10.  Counsel subsequently visited him in the Fresno County

10 Jail on February 11, 2011, having prepared a Notice of Abandonment

11 of Appeal for him, explaining that under the plea agreement he had

12 waived his right to appeal.  Moreover, he had entered a plea of

13 guilty before Judge Wanger, and openly admitted he was guilty and

14 deserved to be punished before Judge O'Neill.

15      11.  Counsel also served Mr. LOPEZ, pursuant to the court's

16 order, a copy of said Order as well as the Time Schedule Order on

17 that same date, to wit, February 11, 2011.

18      12.  Mr. LOPEZ declined to sign the Notice of Abandonment of

19 Appeal at that time without stating any valid legal reason to

20 counsel why he desired to appeal his judgment and sentence.

21 Moreover, he reluctantly received the papers served on him.

22      13.  Counsel does not believe that the Ninth Circuit has

23 jurisdiction over this appeal because Appellant specifically

24 contracted away his right of appeal in order to receive the benefit

25 of the bargain he had under the plea agreement, which he received

26 at the time of sentencing.

27

28                                      4

1      14.  Counsel does not believe that there is any benefit for

2  his client from an appeal because the Judge downward departed on

3  the grounds that his criminal history was overstated.  In counsel's

4  opinion and belief, 188 months is as low a sentence as he could

5  have gotten, and that counsel would thus have a conflict in

6  prosecuting the appeal.

7      15.  Counsel delivered a copy of his first Motion to Withdraw

8  as Attorney of Record on JESUS LOPEZ at the Fresno County Jail on

9  February 14, 2011.

10      16.  That on February 18, 2011, in obedience to the court's

11  order, filed February 16, 2011, I again visited Mr. LOPEZ in the

12  Fresno County Jail, and provided him with a copy of our combined

13  Motions to Withdraw as Counsel and Motion for him to Proceed Pro

14  Se.  I also provided him a prepared Motion to Proceed In Forma

15  Pauperis and a Form CJA 23, and explained to him how to fill it out

16  and where to send it.

17      17.  That after being fully advised, Appellant realized the

18  futility of proceeding with the Appeal and voluntarily signed a

19  Notice of Abandonment of Appeal, which I diligently filed with the

20  Court on the same day.

21      Counsel therefore respectfully requests that the Court grant

22  his renewed motion to withdraw as counsel for the reasons stated

23  above.

24  DATED: February 21, 2011                 Respectfully submitted,

25                                           /s/ Woodrow E. Nichols, Jr.
                                             WOODROW E. NICHOLS, JR.
26                                           Attorney for JESUS LOPEZ
                                             Defendant/Appellant

27

28                                           5

1

2
## DECLARATION OF COUNSEL

3
   I, WOODROW E. NICHOLS, JR., do hereby declare under penalty of

4
perjury as follows:

5
   1.  That I was the retained attorney of record for JESUS LOPEZ

6
at the district court level.

7
   2.  That all of the above facts and reasons alleged in support

8
of my renewed Motion to Withdraw as Attorney of Record are true and

9
correct.

10
   3.  That on February 18, 2011, I went to the Fresno County

11
Jail and explained the circumstances to the Appellant, JESUS LOPEZ,

12
to wit, that I needed to withdraw as counsel before he would be

13
allowed to proceed pro se.  I went over the Court's Order with him

14
and explained how to fill out the Form CJA 23 since he is indigent

15
and cannot afford the $455.00 filing fee for his appeal.  I also

16
provided him with a prepared Motion to Proceed In Forma Pauperis to

17
file with the Form CJA 23.

18
   4.  That Mr. LOPEZ realized the futility of proceeding pro se

19
and signed at the time a Notice of Abandonment of Appeal, which I

20
electronically filed with this court on the same date.

21
   Executed in Fresno, California, this 21th day of February,

22
2011.

23

24
                              /s/ Woodrow E. Nichols, Jr.
                              WOODROW E. NICHOLS, JR.
                              Declarant

25

26

27

28
                                 6

**PROOF OF SERVICE**

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is 2141 Tuolumne Street, Ste. "O", Fresno, CA 93721.

On February 21, 2011, I served the following document:

**MOTION TO WITHDRAW AS ATTORNEY OF RECORD**

XXX by the U.S. Mail to Appellant JESUS LOPEZ at the Fresno County Jail at the following address:

Mr. JESUS LOPEZ
Fresno County Jail
North Annex, Third Floor
Jail ID NO. 7019152
P.O. Box 872
Fresno, CA 93712


I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed in Fresno, California on February 21, 2011.



/a/ Woodrow E. Nichols, Jr.
WOODROW E. NICHOLS, JR.
Declarant

7